UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARIA LOPEZ, *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> THE HOME DEPOT, INC., *et. al.* <br><br> Defendant. | CIVIL ACTION <br><br> No. 08-1020 |

**MEMORANDUM/ORDER**

July 22, 2008

  Before the court is plaintiffs' timely motion to remand this case to the Court of Common Pleas for the County of Philadelphia. Docket No. 6. Because I find that this court lacks removal jurisdiction under 28 U.S.C. § 1441, I will grant plaintiffs' motion.

**Background**

  This case was originally filed in the Court of Common Pleas of Philadelphia County. Plaintiffs Maria Lopez and Juan Lopez, her husband, are citizens of Philadelphia. Defendants The Home Depot Inc. and Home Depot U.S.A. (collectively, the "Home Depot defendants") are Delaware corporations, and defendant Fred McCadon, a Home Depot employee, is a citizen of Philadelphia.

  Plaintiffs' state-court complaint, filed in February 2007, alleged causes of action for negligence arising from an injury that Ms. Lopez sustained on November 21, 2005, in

a Home Depot Store where Mr. McCadon worked as a manager. In preliminary objections filed in April 2007, defendants argued that the complaint failed to state a claim against Mr. McCadon. Specifically, defendants contended that the complaint failed to allege that Mr. McCadon engaged in the sort of "misfeasance" that would support a claim against him under Pennsylvania's "participation theory" of individual liability. Pl. Exh. H at 5-10. In a May 2007 order, the Court of Common Pleas allowed plaintiffs' claims against Mr. McCadon to go forward. Pl. Exh. J. An amended state-court complaint, raising the same allegations with respect to Mr. McCadon, was filed in November 2007.

On February 28, 2008, defendants filed a notice of removal to this court. Docket No. 1. The ground of federal jurisdiction alleged to provide the basis for removal was diversity of citizenship. *See* 28 U.S.C. §§ 1441(a)–(b), 1332(a)(1). Plaintiffs contend that defendant Fred McCadon's presence as a party is incompatible with diversity, and thus with removal jurisdiction.

**Standard of review for motions to remand**

In *Abels v. State Farm Fire & Cas. Co.*, Judge Higginbotham aptly summarized "a number of general principles that should guide the exercise of the federal courts' removal jurisdiction":

> Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts should be resolved in favor of remand. The defendant's right to remove is to be determined according to the plaintiffs' pleading at the time of the petition for removal, and it is the defendant's burden to show the existence of federal jurisdiction.

770 F.2d 26, 29 (3d Cir. 1985) (citations omitted).  Defendants therefore bear the burden of showing that the exercise of removal jurisdiction is proper upon the proffered ground of diversity of citizenship.

Jurisdiction under § 1332(a)(1) is lacking, and removal is improper, if any plaintiff and any defendant are citizens of the same state.  *See, e.g.*, *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84 (2005) ("Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State."); *see also* 28 U.S.C. §§ 1332(a), 1441(b).  Here, plaintiffs, who are citizens of Pennsylvania, have named a fellow Pennsylvania citizen, Fred McCadon, as a defendant in the case.

"As a general proposition, plaintiffs have the option of naming those parties whom they choose to sue."  *Boyer v. Snap-on Tools Corp.*, 913 F.2d 108, 110 (3d Cir. 1990).  It is undisputed that, on its face, Mr. McCadon's presence in the case is inconsistent with diversity and forecloses removal.  However, it is also well established that a complainant cannot defeat removal by "fraudulently join[ing] a party to destroy diversity."  *Boyer*, 913 F.2d at 111.  Accordingly, "[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction."  *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006).

**Fraudulent joinder**

Without considering Mr. McCadon as a party, diversity of citizenship would exist, and removal would be proper. Therefore, defendants can avoid remand if — but only if — they can show that Mr. McCadon is "fraudulently joined." Determining whether there has been a fraudulent joinder may require a court to "look beyond the allegations of plaintiffs' complaint," *Abels*, 770 F.2d at 32, and examine the underlying facts. However, such "pierc[ing of] the pleadings" should be of "limited" scope. *Boyer*, 913 F.2d at 111. Furthermore, "[b]ecause a party who urges jurisdiction on a federal court bears the burden of proving that jurisdiction exists, a removing party who charges that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction has a 'heavy burden of persuasion.'" *Id.* (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1012 n.6 (3d Cir. 1987)).

"Fraudulent joinder" is a term of art — a demonstration of outright fraud or bad faith is not necessary to render a party fraudulently joined. Rather, the standard consists of two independently sufficient tests — one objective and one subjective. *See Abels*, 770 F.2d at 32. A party is "fraudulently joined" — and therefore not considered for diversity purposes — "'where there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, *or* no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Boyer*, 913 F.2d at 111 (emphasis added) (quoting *Abels*, 770 F.2d at 32). Defendants appeal to both these tests in arguing

that Mr. McCadon is not an appropriate party to this case.

**1.**

The objective test for fraudulent joinder — whether there is a "reasonable basis in fact or colorable ground supporting the claim against the joined defendant" — requires consideration of whether the plaintiffs "fail[] to state a cause of action . . . and the failure is obvious according to the settled rules of the state." *Id.* at 111-12 (quoting 1A *Moore's Federal Practice* ¶ 0.161[2]).  The Third Circuit has emphasized that this inquiry is *not* coextensive with the inquiry required by a 12(b)(6) motion to dismiss:

> [T]he inquiry into the validity of a complaint triggered by a motion to dismiss under Rule 12(b)(6) is more searching than that permissible when a party makes a claim of fraudulent joinder. Therefore, it is possible that a party is not fraudulently joined, but that the claim against that party ultimately is dismissed [in state court] for failure to state a claim . . . . [T]he district court erred in converting its jurisdictional inquiry into a motion to dismiss.

*Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992); *see also Boyer*, 913 F.2d at 112.  Instead, in determining whether a claim is colorable in state court for the purposes of deciding a motion to remand,

> [a] district court must resolve all contested issues of substantive fact . . . [and] any uncertainties as to the current state of controlling substantive law in favor of the plaintiff. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court.

*Boyer*, 913 F.2d at 111 (citations and internal quotation marks omitted); *see also Batoff*, 977 F.2d at 852 (stating that remand is required unless claims are "not even colorable,

i.e., [a]re wholly insubstantial and frivolous"). Therefore, in applying the above standard to the instant case, the dispositive question is whether, under Pennsylvania law, "there is even a possibility that a state court would find that the complaint states a cause of action" in negligence against Mr. McCadon. If such a possibility exists, remand is appropriate "even if [the claim] ultimately may not withstand a motion to dismiss in the state court." *Batoff*, 977 F.2d at 853.

To sustain a negligence claim against an employee under Pennsylvania law, plaintiffs must be able to establish the employee's culpability under what Pennsylvania courts refer to as a "participation theory" of individual liability. *Wicks v. Milzoco Builders*, 503 Pa. 614, 621 (1983) ("Under the participation theory, the court imposes liability on the individual as an actor rather than as an owner."). "Liability under this theory attaches only where the corporate officer is an actor who participates in the wrongful acts." *Id.* Pennsylvania courts make a distinction, under this theory, between negligence claims grounded upon an employee's "misfeasance," which are permissible, and claims asserting an employee's "mere nonfeasance," which are foreclosed. *Id.*

In its preliminary objections to plaintiffs' state-court complaint, defendants argued that the complaint failed to state a claim against Mr. McCadon under the "participation theory" of individual liability. Pl. Exh. H at 5-10. In its order responding to the objections, the Commonwealth Court of Philadelphia County permitted plaintiffs' claims against Mr. McCadon to go forward. Pl. Exh. J. Defendants do not now challenge the

validity of this determination. *See* Docket No 8 at 22 ("This is not a case where the action against the individual defendant is defective as a matter of law on the face of pleadings . . . ."). Rather, defendants contend that "this is a case where discovery has unearthed that the pleadings themselves, regardless of how flawless, were not based on facts but rather were fraudulent in their filing." *Id.* Piercing the pleadings, defendants argue, will reveal that plaintiffs' claims against Mr. McCadon have "no reasonable basis in fact." *Boyer*, 913 F.2d at 111.

The "facts" that defendants cite in support of their arguments include Mr. Lopez's deposition testimony that he did not know who Fred McCadon was, prior to learning the information from his counsel. Def. Exh. 1 at 4-5. However, plaintiffs' knowledge of Mr. McCadon's identity prior to commencement of the litigation is irrelevant to the question whether (1) plaintiffs can establish "the four classic elements of a negligence action-duty, breach, causation, and harm," *Brindley v. Woodland Vill. Rest., Inc.*, 652 A.2d 865 (Pa. Super. Ct. 1995) (Olszewski, J., concurring); *see also Bilt-Rite Contractors, Inc. v. Architectural Studio*, 581 Pa. 454, 470-71 (Pa. 2005) (setting forth the elements of negligence under Pennsylvania law), and, if so, (2) plaintiffs can prove that Mr. McCadon's negligence constituted "misfeasance" under Pennsylvania law.

Defendants also point to Mr. Lopez's testimony that he does not "know what Fred McCadon did to cause the accident," Def. Exh. 1 at 4-5, and, more generally, to plaintiffs' lack of evidence supporting the claims asserted in the complaint. However, as

explained above, it is defendants who bear the burden of showing that the record is incompatible with the allegations in plaintiffs' pleadings, and the absence of factual support grounding plaintiffs' claims does not demonstrate that such facts will not be proved during the course of the litigation. Defendants point to no evidence contradicting the allegations set forth in plaintiffs' state-court complaint, and the gaps in evidence supporting plaintiffs' claims, at this early stage in the litigation, do not establish the lack of a "reasonable basis in fact or colorable ground supporting the claim against the joined defendant." *Boyer*, 913 F.2d at 111.

I therefore conclude that defendants have not produced evidence sufficient to satisfy their "heavy burden of persuasion" in "charg[ing] that a plaintiff has fraudulently joined a party to destroy diversity of jurisdiction." *Id.* (internal quotation marks omitted).

**2.**

I thus turn to the second test for fraudulent joinder, and inquire whether plaintiffs have "no real intention in good faith to prosecute the action against the defendant or seek a joint judgment.'" *Boyer*, 913 F.2d at 111. While "[t]he fact that the plaintiffs' motive for joining a . . . defendant is to defeat diversity is not considered indicative of fraudulent joinder," defendants may establish diversity jurisdiction by showing that plaintiffs do not "actually intend[]" to pursue their claims against the non-diverse defendant. *Abels*, 770 F.2d at 32. This inquiry requires the court to "look beyond the allegations of plaintiffs' complaint" to discern whether plaintiffs' intend to prosecute their claims against Mr.

McCadon.  *Id.*

Defendants purport to offer two indicia of plaintiffs' lack of intent to pursue an action against Mr. McCadon.  First, defendants contend that plaintiffs "have no evidence, or reason to believe McCadon, individually, caused or contributed to the alleged accident."  Docket No. 8 at 23.  However, in their answer to plaintiffs' amended state-court complaint, defendants admitted that, during the relevant period, Mr. McCadon was a manager at the Home Depot store where Ms. Sanchez's injury occurred.  Pl. Exh. C at 3 ¶ 7.  This admission provides a reasonable basis for plaintiffs to suppose that Mr. McCadon owed a duty of care to the plaintiffs, and that Ms. Lopez's injury may have been caused by a breach of this duty.  I therefore conclude that defendants' admission is sufficient, at this stage of the litigation, to undercut the contention that plaintiffs do not intend to pursue their claims against Mr. McCadon.

Second, defendants contend that "Plaintiffs sought no discovery regarding Mr. McCadon until after their counsel was advised of Defendants' intent to remove the case to federal court . . .," and that this failure reveals that "Plaintiffs' sole target in the instant litigation is Home Depot and McCadon's presence in the case is merely for his non-diverse citizenship."  Docket No. 8 at 24.  However, on February 15, 2008 — thirteen days before defendants filed their notice of removal — plaintiffs sent defendants a set of interrogatories and requests for the production of documents.  In these papers, plaintiffs made a number of requests relevant to Mr. McCadon, including a request for "[a]ll

records which relate to Defendant, Fred McCadon's employment training and annual reviews. Pl. Ex. D ("Plaintiffs' Supplemental Request for Production of Documents and Things") at 1 ¶ 3. Defendants' submissions suggest that they advised plaintiffs of their intent to remove the case to federal court during a February 27 telephone conversation. *See* Def. Exh. 4. Defendants claim that plaintiffs "sought no discovery regarding Mr. McCadon," prior to learning of defendants' intent to seek removal to this court, is thus belied by the record.

Accordingly, I conclude that defendants have failed to demonstrate that plaintiffs lack a "real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Boyer*, 913 F.2d at 111.

**Attorneys' Costs and Fees**

Plaintiffs also move to require defendants to pay the costs and attorneys fees that plaintiffs incurred in opposing removal of the case to this court. Docket No. 6 at 7. Under 28 U.S.C. § 1447(c), the court may require payment of "just costs and any actual expenses, including attorneys fees, incurred as a result of the removal." Under this statute, "a district court has broad discretion and may be flexible in determining whether to require the payment of fees . . . ." *Mints v. Educational Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996). I decline to assess defendants with the costs and expenses of removal in this case for two reasons. First, it is not evident to me that defendants removed the case in bad faith. Second, although a district court may require the payment

of fees and costs in cases where bad faith is not evident, *see id.*, plaintiffs proffer no arguments in their motion as to why an assessment of costs and fees is appropriate in the instant action.

**Conclusion**

Because plaintiffs' state law complaint names a non-diverse, non-fraudulently-joined defendant, (1) this court lacks jurisdiction over this state-law action, (2) removal was improper, and (3) plaintiffs' motion will be granted and the action remanded to the Court of Common Pleas of Philadelphia County.

**ORDER**

For the reasons given above, it is hereby **ORDERED** that plaintiffs' Motion to Remand is **GRANTED**, and this case is **REMANDED** to the Court of Common Pleas of Philadelphia County.

BY THE COURT:

/s/ Louis H. Pollak
Pollak, J.